This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39679**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KIRK R. BENTON,**

Defendant-Appellant**.**

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Lucia Moran, Assistant Appellate Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him of unlawful taking of a motor vehicle; possession of burglary tools; resisting, evading, or obstructing an officer; failure to stop or yield at an intersection; and driving while license suspended. We issued a first calendar notice proposing to summarily affirm. Defendant filed a combined memorandum in opposition to our notice and a motion to amend the docketing statement. Defendant's memorandum in opposition challenged his convictions for possession of burglary tools and driving while license

suspended on new grounds, sought to add new issues, and continued to pursue the remaining issues raised in the docketing statement. Persuaded only that the evidence was insufficient to support his convictions for possession of burglary tools and driving while license suspended, we issued a second calendar notice that proposed to summarily reverse those two convictions for insufficient evidence, denied the motion to amend to add other, new issues, and proposed to summarily affirm on the remaining issues for the reasons stated in our first calendar notice.

**{2}** Defendant has filed a response to our second calendar notice, stating that he will not be filing a second memorandum in opposition and will rely on the facts and arguments contained in his first memorandum in opposition. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Thus, Defendant has not demonstrated that the proposed analysis in our second calendar notice was in error.

**{3}** In the State's response, it, too, stated that it will not be filing a memorandum in opposition to our second calendar notice. "Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287.

**{4}** Because we have not received any new arguments in opposition to our second calendar notice, and because we remain persuaded that the proposed analysis in our second calendar notice was correct, we reverse Defendant's convictions for possession of burglary tools and driving on a suspended license for insufficient evidence and hold that Defendant has not demonstrated other error. Thus, we affirm in part, reverse in part, and remand for the district court to vacate Defendant's convictions for possession of burglary tools and driving while license suspended and to resentence Defendant accordingly.

**{5}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**